1    Timothy P. Rumberger, Esq., California State Bar #145984
     **LAW OFFICES OF TIMOTHY P. RUMBERGER**
2    1339 Bay Street, Alameda, California 94501
     Phone: (510)841-5500; Fax: (510)521-9700
3    e-mail: tim@rumbergerlaw.com

4    Attorneys for the Plaintiff

5

6                    UNITED STATES DISTRICT COURT

7                   NORTHERN DISTRICT OF CALIFORNIA

8
     DAVID C. TRAUB,                          )    Case No. _____
9                                             )
              Plaintiff,                       )    **COMPLAINT FOR DAMAGES,**
10   v.                                        )    **RESTITUTION, INJUNCTIVE AND**
                                              )    **EQUITABLE RELIEF**
11   STARDUST389, INC., AIRLOCK389,            )
     INC., CHRISTOPHER H. COOPER and           )
12   PATRICIA ANN BELLASALMA,                  )
                                              )
13            Defendants,                       )    JURY TRIAL DEMANDED
                                              )
14   _____

15        Plaintiff DAVID C. TRAUB, on behalf of himself, alleges as follows:

16
                            **INTRODUCTION**
17

18       1.  Plaintiff brings this action as wrongfully terminated StarDust389, Inc.'s Vice-President for

19   International Business Development for: breach of his 10-year $1.8 million employment contract;

20   misclassification as an independent contractor pursuant to the Fair Labor Standards Act (FLSA)

21   per 29 C.F.R. §541.100, *et seq.,* and California Labor Code §§2775-2787; California Labor Code

22   §558 conspiracy to underpay wages and wage theft; California Labor Code §203 unpaid wages on

23   separation; California Labor Code §2802 expense indemnification; record keeping violations

24   pursuant to the FLSA at 29 U.S.C.§211(c) and California Labor Code §226; all constituting

25   California Business & Professions Code §17200, *et seq.* violations for unlawful, unfair, deceptive

26   and/or fraudulent business practices; together with an award of reasonable attorney's fees pursuant

27   to the California Labor Code, including but not limited to §§226(e)(1) and (h), and §2802(c).

28

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

                            **COMPLAINT**                                              1

2.   Plaintiff DAVID C. TRAUB is and was at all times herein relevant a natural adult citizen of California and permanent resident within the Northern California judicial District.

3.   Defendant STARDUST389, INC. is a citizen of Delaware, incorporated March 25, 2020, and a party to the August 1, 2020, operative employment contract with Plaintiff, a true and correct copy of which is attached hereto as **Exhibit 1**.

4.   Defendant AIRLOCK389, INC., a citizen of Delaware, incorporated January 28, 2020, boasts as "the flagship of the consortium of StarDust389, Inc.'s affiliated companies."[1]

5.   Defendant CHRISTOPHER H. COOPER, is a self-proclaimed interdisciplinary physicist with ownership in a number of patents,[2] employed in the dual roles of Chief Science Officer and Chief Executive Officer (CEO) of both AirLock389, Inc. and StarDust389, Inc

6.   Defendant PATRICIA ANN BELLASALMA, is a registered lobbyist[3] with the California Secretary of State, and Executive Vice-President of AirLock389, Inc., conspiring in the wrongful termination of Plaintiff, giving Notice thereof in breach of Plaintiff's operative August 1, 2020 employment contract, by letter dated September 23, 2021, a true and correct copy of which is attached hereto as **Exhibit 2**.

7.   AirLock389, Inc. was formed in 2020 in response to the Covid-19 global pandemic, seeking to commercialize its Airlock™ Anti-Pathogen Purification Technology, a graphene-based air purification media capable of destroying/removing airborne pathogens and contaminants,

---

[1] **Exhibit 3**; and https://www.engineere.com/XX/Unknown/109481120786336/Airlock389 [12/15/2021]

[2] https://www.prnewswire.com/news-releases/airlock389-introduces-advanced-air-purification-technology-301107261.html?tc=eml_cleartime [12/15/2021] "In 2007, NASA deployed his first-generation water purification system on the International Space Station to remove viruses, bacteria, pharmaceuticals, and other contaminants from its closed loop water system. In 2008, Cooper's technology was featured in the premier NASA publication "*Spinoff: 50 Years of NASA-Derived Technologies*."  That same year, the U.S. military enlisted Cooper to apply his technology to military-grade personal protective equipment (PPE) in order to protect against weaponized chemical and biological agents."

[3] https://prd.cdn.sos.ca.gov/Lobbying_Directory.pdf (pg.454 of 882) [12/15/2021]

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

2

**COMPLAINT**

including weapons-grade biological and chemical agents, and viruses, purportedly up to the limits of detection -->99.99926% filtration viral efficiency.[4]

8.   The resulting air purification media, the Airlock™ Anti-Pathogen Purification Component, is the basis for Airlock389's first commercial technology. Its first commercial application (now in the process of pursuing various global certifications as a medical device, including by the U.S. Food and Drug Administration, and the CE[5] mark in the European Union) is the Airlock™ AV100 Reusable Mask, engineered to provide long lasting comfort and breathability while protecting users from the COVID-19 causing coronavirus and other airborne pathogens.[6]

9.   As Airlock389 began seeking regulatory approval and certification from the FDA and around the world for the Airlock™ AV100 Reusable Mask and the AV-100PC Purification Component,[7] essential to its mission to commercialize[8] purification products using carbon-based purification media was the employment of a full-time Vice-President for International Business Development with the communication skills, relationship-capital, and worldwide contacts to function as an "ambassador" to industry executives, venture capitalists, financial investors, philanthropic organizations, individuals, and a government leaders – *i.e.* David C. Traub, with whom Defendant Christopher Cooper had cultivated a relationship during their philanthropic involvement with the MHLK Foundation[9] and Formula Green[10] in the Philippines in 2019.

---

[4] https://www.prnewswire.com/news-releases/airlock389-introduces-advanced-air-purification-technology-301107261.html?tc=eml_cleartim [12/15/2021] "The Airlock™ Anti-Pathogen Purification Component's conductive mesocarbon polymer composite material continuously captures and deactivates viruses and other pathogens without the use of chemicals, and may be applied to larger scale air purification systems for buildings, homes, and vehicles."
[5] https://ec.europa.eu/growth/single-market/ce-marking_en [12/15/2021]
[6] *Id.*
[7] *Id.*
[8] Commercialization is the process of introducing a new product to the market, including production, distribution, marketing and sales. https://sendpulse.com/support/glossary/commercialization [12/15/2021]
[9] https://www.mhlkfoundation.com/ [12/15/2021]
[10] White Paper 2020-2021 http://uploads.documents.cimpress.io/v1/uploads/853c7850-4a5c-4d16-9e04-669775406873~110/original?tenant=vbu-digital [12/15/2021]

Law Offices of
TIMOTHY P. RUMBERGER
1339 Bay Street
Alameda, California 94501
(510) 841-5500

**COMPLAINT**

10. Towards that end, Defendant StarDust389, Inc. and Plaintiff David C. Traub, entered into an employment contract, executed by Plaintiff and Defendant Christopher H. Cooper as President and CEO of StarDust389., Inc., for a 10-year position as Vice President of International Business Development, misclassifying Plaintiff as an "Independent Contractor" despite his integral position within the start-up company, and otherwise memorializing the terms of the parties' employment agreement, signed September 16, 2020, with an effective date of August 1, 2020 (**Exhibit 1**).

11. The stated compensation to which the 10-year employment agreement entitled Plaintiff included annual wages in the amount of $180,000 (totaling $1.8 million over the course of the employment) in addition to vesting a total of 3% of Class C shares of the Stardust389 Inc.'s nonvoting common stock over this 10-year period, with Addendum A of the contract setting forth the payment schedule for the first year.

12. In exchange for this promised compensation, Plaintiff David Traub was tasked, in section 1 of the employment contract, with the following job description or services to be provided:

(a) Guidance, feedback and general business advice and insights for achieving Company's strategic objectives; and

(b) Active promotion and introductions on behalf of the Company through Contractor's overall network of business contacts.

(c) Satisfactory progress and or completion of the agreed upon Roles and Responsibilities as defined herein.

13. Additionally, the employment contract in section 11 identified the duties and responsibilities of the Vice President for International Business Development to include:

Vice President International Business Development is to assist the organizations sales and growth efforts by contributing to new customer acquisition. Build contacts with potential clients to create new business opportunities. Keep prospective client database updated. Make cold calls for new business leads. You will be responsible for identifying and securing relationships with new customers and assist Business Development Director in account management of existing customers by proactively undertaking a variety of sales activities, networking, marketing and customer service activity.

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

4

**COMPLAINT**

14. To the extent the employer was dissatisfied with Plaintiff's performance, the contract in section 2 requires the employer to give 30-days written notice of any deficiency from the time the employer became or should have become aware of such deficiency. No such notice ever issued.

**15.** The contract further sets forth, in section 4.A., that **"This Agreement shall continue in effect for an initial term of ten (10) years."**

16. Right to "severance" is the sole consequence in the event of a termination "for cause" – the only "for cause" triggers thereof being the 7 events specified at 4.B. – none of which occurred:

(i) the contractor's theft, dishonesty, willful misconduct, breach of fiduciary duty for personal profit, or falsification of any Company documents or records;

(ii) the contractor's material failure to abide by the Company's code of conduct or other policies (including, without limitation, policies relating to confidentiality and reasonable workplace conduct) and/or compliance with any and all laws and regulations;

(iii) the contractor's unauthorized use, misappropriation, destruction or diversion of any tangible or intangible asset or corporate opportunity of the Company (including, without limitation, the contractor's improper use or disclosure of the Company's confidential or proprietary information);

(iv) any intentional act by the contractor which has a material detrimental effect on the Company's reputation or business;

(v) the contractor's repeated failure to perform any reasonable assigned duties after written notice from the Company of, and a reasonable opportunity to cure, such failure;

(vi) any material breach by the contractor of any employment, service, non-disclosure, non-competition, non-solicitation or other similar agreement between the contractor and the Company, which breach is not cured pursuant to the terms of such agreement; or

(vii) the contractor's conviction (including any plea of guilty or *nolo contendere*) of any criminal act involving fraud, dishonesty, misappropriation or moral turpitude, or which impairs the contractor's ability to perform his or her duties with the Company.

17. Finally, the employment contract provides, at section 4.C., that termination by the employer for any reason *other than* cause prior to the end of the ten-year term, "**shall** result in

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
(510) 841-5500

5

**COMPLAINT**

immediate payment of compensation for an additional 6 months and immediate vesting of any non-vested shares that exists at the time of termination." In this case, **$90,000.00,** plus the stock**.**

18. During the 14 months from July 2020 through September 23, 2021, Plaintiff David Traub worked tirelessly in the performance of the duties and responsibilities he was tasked with undertaking pursuant to the operative employment contract.  Utilizing his lifetime of relationship capital with world leaders in philanthropy, finance, government and industry, Plaintiff reached out on behalf of AirLock389, Inc. and StarDust389 to hundreds of targeted assets around the globe, providing Defendants a confidential spreadsheet identifying the entities, contacts, relationship histories, opportunities, challenges, the targets' objectives, solution roadmaps, prioritizations, forecasts and likelihood of success, detailed insights and current status.

19. Notably *NOT* among Plaintiff's duties and responsibilities, was the task of navigating and obtaining regulatory approval from the FDA and governmental agencies around the world for the Airlock™ AV100 Reusable Mask and the AV-100PC Purification Component[11] – and unfortunately for Defendants AirLock389, Inc. and StarDust389, Inc., to Plaintiff's knowledge the prerequisite government approval processes remain on-going and incomplete as of this date.

20. Stymied and frustrated by the lack of FDA and international agency approvals, financing manufacture and deploying distribution of the Airlock™ AV100 Reusable Mask and the AV-100PC Purification Component became increasingly unfeasible – notwithstanding the significant potential being developed through Plaintiff's ongoing performance of his job duties.

21. Despite Plaintiff's continued performance of his duties and obligations set forth in the contract, the unanticipated financial challenges led to Defendants materially breaching their

---

[11] Regardless of not being required to perform this task, Plaintiff initiated and communicated to Defendants multiple offers from certification professionals around the world (including in Italy and Canada) to expedite, and in the case of Canada, pay for, certifications such as CE, FDA and Canada's CFIA in order allow the parties to finally begin sales of its products. Defendants refused all of these invitations and offers.

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

6

**COMPLAINT**

compensation obligations set forth in the written employment contract by **failing to pay principal wages in the total amount of $173,400.00** of the $225,000.00 earned, due and owing from the commencement of Plaintiff's employment through September 2021.

22. As such, the interest currently due Plaintiff on the unpaid principal wage compensation, calculated from the dates payment was due through November 30, 2021, totals **$11,054.17**[12] **accumulating daily in the amount of $72.16**4383 (~$2,195 monthly or $26,340 per annum):

| Addendum 1 Payment Schedule | Contract WAGES promised | Principal UNPAID wages | WAGES paid | DATE paid | Months from due date to 11/30/2021 | Interest on unpaid wages from month due to 11/30/2021 |
|---|---|---|---|---|---|---|
| JULY 2020 | $3,300.00 | $0.00 | $3,300.00 | 7/2/2020 | | |
| AUGUST 2020 | $3,300.00 | $0.00 | $3,300.00 | 8/3/2020 | | |
| SEPTEMBER 2020 | $3,300.00 | $0.00 | $3,300.00 | 9/3/2020 | | |
| OCTOBER 2020 | $8,000.00 | $4,700.00 | $3,300.00 | 10/5/2020 | 14 | $548.33 |
| NOVEMBER 2020 | $8,000.00 | $4,700.00 | $2,500.00 | 11/3/2020 | 13 | $509.17 |
| | | | $800.00 | 11/9/2020 | | |
| DECEMBER 2020 | $8,000.00 | $4,700.00 | $2,500.00 | 12/7/2020 | 12 | $470.00 |
| | | | $800.00 | 12/8/2020 | | |
| JANUARY 2021 | $10,000.00 | $6,700.00 | $3,300.00 | 1/4/2021 | 11 | $614.17 |
| FEBRUARY 2021 | $10,000.00 | $8,000.00 | $2,000.00 | 2/4/2021 | 10 | $666.67 |
| MARCH 2021 | $10,000.00 | $8,000.00 | $2,000.00 | 3/3/2021 | 9 | $600.00 |
| APRIL 2021 | $15,000.00 | $11,000.00 | $2,000.00 | 4/1/2021 | 8 | $733.33 |
| | | | $2,000.00 | 4/23/2021 | | |
| MAY 2021 | $15,000.00 | $10,500.00 | $500.00 | 5/10/2021 | 7 | $612.50 |
| | | | $4,000.00 | 5/28/2021 | | |
| JUNE 2021 | $15,000.00 | $11,000.00 | $4,000.00 | 06/29/2021 | 6 | $550.00 |
| 1 Year Anniversary | $71,100.00 | $71,100.00 | | | 5 | $2,962.50 |
| Subtotals | $180,000.00 | $140,400.00 | $39,600.00 | | | |
| JULY 2021 | $15,000.00 | $11,000.00 | $4,000.00 | 7/26/21 | 5 | $458.33 |
| AUGUST 2021 | $15,000.00 | $11,000.00 | $4,000.00 | 8/20/21 | 4 | $366.67 |
| SEPTEMBER 2021 | $15,000.00 | $11,000.00 | $4,000.00 | 9/27/21 | 3 | $275.00 |
| Subtotals | $225,000.00 | $173,400.00 | $51,600.00 | | | $9,366.67 |
| Contract §4.C | $90,000.00 | $90,000.00 | | | 2.25 | $1,687.50 |
| Subtotals | | $263,400.00 | | | | $11,054.17 |
| TOTAL due 11/30/2021 | | | | | | $274,454.17 |

---

[12] **California Civil Code §3287**: (b) "If a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest **at a rate of 10 percent per annum** after a breach."

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

**COMPLAINT**

7

23. The Defendants' subsequent termination of the operative contract, on September 23, 2021, triggered the additional wage payment due of $90,000, pursuant to section 4.C. of the contract, resulting in a present value of wages due in the amount of **$274,454.17** as of November 30, 2021, as set forth in the above chart.

24. Confronted with the continued delays and uncertainty in Defendants' inability to obtain the prerequisite government approvals to proceed with manufacture, distribution and sales of the masks, Defendant Christopher Cooper informally, and Defendant Patricia Bellasalma formally, each approached Plaintiff in July 2021, proposing a "replacement" contract -- providing Plaintiff approximately $100,000 less each year (totaling $1 million less over the life of the contract).

25. The proposed replacement contract would have transformed his position from a Vice-President of International Business Development to that of a commissioned salesman of masks that were as-yet unavailable for purchase, while imposing arduous new duties and responsibilities.

26. The proposed "replacement" employment contract further inserted an entire new section entitled, "Mutual Release," proposing to:

> "fully, finally, unconditionally, irrevocably and forever release, acquit, completely discharge and hold harmless Airlock389, Inc., Stardust389, Inc. all other affiliate and their current and former members, shareholders, agents, employees, insurers, attorneys, officers, directors, board members, representatives, consultants, advisors, parents, affiliates, subsidiaries, contractors, associates, personal representatives, heirs, executors, administrators, successors and assigns (collectively, the "Stardust389 Released Parties") from and against any and all manner of actions, causes of action, claims, demands, warranties, covenants, contracts, agreements, promises, controversies, damages, variances, judgments, executions, costs, losses, claims for court costs and attorneys' fees, liabilities and obligations of any kind or nature whatsoever, and rights, matured or unmatured, liquidated or unliquidated, whether accrued or yet to accrue, known or unknown, asserted or unasserted, contingent or absolute, suspected or unsuspected, direct or derivative, in law, in equity or otherwise, that it has, or may have, for, on, or by reason of any matter, cause or things whatsoever from the beginning of the world to this day, against the Stardust389 Released Parties, including without limitation those arising from and against any and all Claims, including without limitation, any obligation arising from in connection with, or related to the Stardust389, Inc. Independent Contractor Agreement and any Related Agreements, and any other event, origin or agreement occurring or entered into prior to the execution of this new Agreement ("Claims")."

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

8

**COMPLAINT**

27. David Traub did not accept or agree to the proposed replacement contract, but continued to diligently perform his duties and responsibilities pursuant to the existing August 1, 2020 contract.

28. On September 23, 2021, Defendant Patricia Bellasalma, in breach of operative August 1, 2020 employment contract between StarDust389, Inc. and David Traub, and absent the 30-day written notice period required to be given to address any perceived performance deficiencies, executed and transmitted to Plaintiff David Traub a **Notice of Termination** stating;

> "It my understanding that over the past two days, Chris Cooper has met with you for the purpose of going over the multitude of issues that compel Stardust389, Inc. to trigger the **for cause termination** clause in your **June** 1, 2020 (*sic*) Independent Contractor agreement."

29. No "cause" is identified in the Notice of Termination -- nor at any time before or thereafter the Notice was issued -- as Defendants knew and know that at no time was there *any* §4.B. enumerated "cause" triggering Plaintiff's termination.  As such, the termination not only constitutes a breach of the contact, but was unfair, deceptive, fraudulent and in bad faith.

30. In the absence of any legitimate "for cause" incident triggering Plaintiff's termination, Plaintiff's contractual right and reasonable reliance expectation on the guarantees of a 10-year term of employment entitle Plaintiff to receive, and obligate Defendants to buy-out, the **$1,575,000.00** balance payable to David Traub, pursuant to his $1.8 million employment contract.

31. Finally, the parties' employment contract, at section 2. (b), entitles Plaintiff to an award of 3% of StarDust389, Inc.'s Class C shares of common stock, *i.e.*, 300,000 shares[13]:

> In addition, as consideration for Contractor's provision of the Services, the Company shall award three percent (3%) Class C shares of the Stardust389 Inc's nonvoting common stock (the "**Common Stock**"). Such Stock is granted pursuant to a separate shareholder and restricted stock agreement, herein incorporated by reference. Such Stock award shall vest over 10-year period.

---

[13] Delaware, Division of Corporations, STARDUST398, INC. filing, total authorized shares: 10,000,000. **Exhibit 3**.

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

**COMPLAINT**

32. No stock in StarDust389, Inc. (or AirLock389, Inc.) has ever been issued to Plaintiff to his knowledge, notwithstanding Defendants' obligation to have done so.

33. The value of the Common Stock owed to Plaintiff is unknown to Plaintiff at this time, but is an element of damages to be determined at trial, and is hereby claimed in this action.

34. In addition to the foregoing breach of contract damages, the Defendants' breach of the employment contract has exposed Defendants to further legal liability arising from the impropriety of the contract's mischaracterization of the employment as an "independent contractor" relationship.  Notwithstanding Plaintiff's contractual title as "Vice President of International Business Development," the "executive exemption" as defined by both federal[14] and California[15] statutes, does not apply in this case, in light of the following indisputable facts:

(a)  Plaintiff did not direct the work of any other employees. 29 CFR §541.100(a)(3);

(b)  Plaintiff had no authority to hire or fire other employees. 29 CFR §541.100(a)(4);

---

[14] **29 C.F.R. §541.100**: "(a) The term "employee employed in a bona fide executive capacity" in section 13(a)(1) of the [FLSA] shall mean any employee:
    (1) Compensated on a salary basis pursuant to §541.600 at a rate of not less than $684 per week …;
    (2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
    (3) Who customarily and regularly directs the work of two or more other employees; and
    (4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight."

[15] **California Labor Code §§2775**: "(b)(1) For purposes of this code…a person providing labor or services for remuneration shall be considered an employee rather than an independent contractor unless the hiring entity demonstrates that all of the following conditions are satisfied:
    (A) The person is free from the control and direction of the hiring entity in connection with the performance of the work, both under the contract for the performance of the work and in fact.
    (B) The person performs work that is outside the usual course of the hiring entity's business.
    (C) The person is customarily engaged in an independently established trade, occupation, or business of the same nature as that involved in the work performed."

**California Labor Code §515(a)**: "(a) …exemptions from the requirement that an overtime rate of compensation be paid..for executive…employees, if the employee is primarily engaged in the duties that meet the test of the exemption, customarily and regularly exercises discretion and independent judgment in performing those duties, and earns a monthly salary equivalent to no less than two times the state minimum wage for full-time employment…."

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

**COMPLAINT**

(c) Plaintiff performed work within usual course of the business. Cal. Labor Code §2775(b);

(d) Plaintiff received less than twice the state minimum wage. California Labor Code §515(a).

35. Because Plaintiff does not meet the minimum criteria to qualify him for the executive exemption under either federal or state law, the protections provided by the FLSA and the California Labor Code apply to the parties' relationship.

36. Among the many protections guaranteed to Plaintiff as an employee, which Defendants, and all of them, conspired together to violate here in this case, entitle Plaintiff David C. Traub to the following statutory damages based thereon:

(a) **California Labor Code §226** -- obligating the employer to provide timely, accurate itemized wage statements to Plaintiff in accordance with Labor Code §226(a),[16] properly showing:

      a. gross wages earned;
      b. total number of hours worked;
      c. all deductions;
      d. net wages earned;
      e. the inclusive date of the period for which the employee is paid;
      f. the name of the employee and his or her social security number; and
      g. the name and address of the legal entity which is the employer.

Defendants failed entirely to comply with this requirement, as no wage statements were ever issued. As such, pursuant to California Labor Code §226(e),[17] Plaintiff is thus entitled to recover penalties of four thousand dollars **($4,000.00)**, together with costs and reasonable attorney's fees.

---

[16] **California Labor Code §226 (a)** "An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee,… **an accurate itemized statement** in writing showing (1) gross wages earned, (2) total hours worked by the employee…, (4) all deductions…, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number…, (8) the name and address of the legal entity that is the employer… and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate…"

[17] **California Labor Code §226 (e)(1)** "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars **($4,000)**, and is entitled to an award of costs and reasonable attorney's fees."

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

11

**COMPLAINT**

(b) **Labor Code §510(a)** -- obligating the employer to pay **overtime wages** for all hours worked in excess of 8 hours in any one workday, and any work in excess of 40 hours in any one workweek, and the first 8 hours worked on the seventh day. Defendants here failed to establish any means to track Plaintiff's hours worked, or compensate Plaintiff at his overtime wage rates, entitling Plaintiff to provide a reasonable estimate of the hours worked.[18]  Plaintiff frequently worked significant overtime hours, and is entitled to overtime premiums. Defendant failed to pay overtime premiums and instead improperly treated the Plaintiff as exempt.

(c) **California Labor Code §203** -- obligating an employer who fails to pay all wages due upon separation an additional 30-days' wages, entitling Plaintiff here to additional statutory wages in the principal amount of **$15,000.00.**

(d) **California Labor Code §2802** -- obligating the employer to reimburse Plaintiff for all necessary expenses reasonably advanced to perform the services rendered.

37. Moreover, **California Labor Code §558,**[19] not only imposes the foregoing liability on StarDust389, Inc., but further triggers the liability of AirLock389, Inc., and the personal liability of Defendants Christopher Cooper and Patricia Ann Bellasalma for their conspiracy to underpay Plaintiff's wages, entitling Plaintiff to damages in the amount of **$2,750.**

---

[18] *Hernandez v. Mendoza* (1988) 199 Cal.App.3rd 721, 727 (citing *Anderson v. Mt. Clemens Pottery* (1946) 328 U.S. 680).

[19] Labor Code §558 provides that: "(a) Any employer **or other person acting on behalf of an employer** who violates, or **causes to be violated**, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:
>    (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period\* for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
>    (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period\* for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.
>    (3) **Wages** recovered pursuant to this section shall be paid to the affected employee.

\*Labor Code §5204(a) requires employers to establish pay periods no less than twice a month.

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

12

**COMPLAINT**

38. Defendants' unlawful compensation policy and practice is a notable departure from the "industry standard" and as such constitutes and unfair business practice.  Indeed, Defendants have evidently chosen to maximize their profits and shift the risks of its own business decisions onto, and at the expense of, this loyal employee – despite Defendants receiving the benefits of David Traub's labor whilst delaying, if not denying entirely, payment of the wages due for the labor performed.

39. Plaintiff, therefore, seek damages, interest thereon, restitution, injunctive and other equitable relief, liquidated damages, reasonable attorneys' fees and costs as a remedy for Defendants' numerous unlawful and/or deceptive business practices, as detailed herein.

40. Plaintiff further seeks reasonable attorneys' fees and costs under the FLSA, the California Labor Code §§226(e)(1) and (h), 2802(c), and California Code of Civil Procedure §1021.5, and other laws of the state of California.

## JURISDICTION AND VENUE

41. The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions, pursuant to 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 U.S.C. §1331. This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

42. Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because the Northern District of California is the place where Plaintiff permanently resides and entered into the operative contract, doing business with Defendants for which services, performed by Plaintiff, the Defendants have failed to pay wages due for said labor, and thus where a substantial part of the events giving rise to the present claims under 28 U.S.C. §1406(a) occurred.

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

13

**COMPLAINT**

**FIRST CAUSE OF ACTION**
**Violation of the Fair Labor Standards Act**
**29 U.S.C. § 201, *et seq.***

43. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

44. The FLSA requires that employers maintain accurate records of all hours worked by covered employees, pursuant to 29 U.S.C. § 211(c), and that covered employees receive compensation for all hours worked and overtime compensation not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a workweek. 29 U.S.C. § 207(a) (1).

45. At all times material herein, Plaintiff was a covered employee entitled to the rights, protections, and benefits provided under the FLSA. *See* 29 U.S.C. § 203(e).

46. Defendants StarDust389, Inc. and AirLock389, Inc., are covered employers required to comply with the FLSA's mandates. *See* 29 U.S.C. § 203(d); 29 C.F.R. § 552.109(a).

47. Defendant violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff. 29 U.S.C. § 211(c).

48. Defendants further violated the FLSA with respect to Plaintiff by failing to compensate Plaintiff for all hours worked and failing to pay all legally mandated overtime premium wages owed to him. *See* 29 U.S.C. § 206; 29 C.F.R. § 531.35; 29 U.S.C. § 207 (a), (g).

49. Plaintiff is entitled to damages equal to the mandated pay, straight time, and overtime premium pay for each pay period worked, notwithstanding Defendants' reckless disregard for whether the alleged conduct was prohibited by the FLSA.

50. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omission were not a violation of the FLSA, and as a result thereof, Plaintiff is

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

14

**COMPLAINT**

entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

51. As a result of the aforesaid violations of the FLSA's provisions, pay, including straight time, and overtime compensation, has been unlawfully withheld by Defendants from Plaintiff. Accordingly, Defendants are liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

52. Wherefore, Plaintiff requests relief as set forth herein.

**SECOND CAUSE OF ACTION**
**Failure to Pay Wages on Termination**
**California Labor Code § 203**

53. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

54. California Labor Code Section 200 provides that:

(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation.

(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

55. California Labor Code §203 provides that:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

56. Plaintiff David C. Traub was employed by Defendants and separated September 23, 2021.

57. During his employment, Defendants failed and/or refused to pay Plaintiff all wages owed to him under the terms of his employment contract. Said non-payment of wages to Plaintiff was the direct and proximate result of a willful refusal to do so by the Defendants.

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
(510) 841-5500

15

**COMPLAINT**

58. More than thirty days have elapsed since Plaintiff was terminated from Defendants' employ.

59. As a direct and proximate result of Defendants' willful conduct in failing to pay Plaintiff for all wages owed, Plaintiff is entitled to recover "waiting time" penalties of up to thirty days' wages pursuant to Labor Code §203, together with interest thereon, and attorneys' fees and costs.

60. Wherefore, Plaintiff prays for judgment as set forth herein.

### THIRD CAUSE OF ACTION
**Breach of Contract**

61.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

62.     Plaintiff entered into a written employment contract with STARDUST389, INC., effective August 1, 2020, in which STARDUST389, INC. promised to pay Plaintiff at a rate of $180,000.00 per year, for ten years, a true copy of which is attached hereto as **Exhibit 1**.

63.     Plaintiff performed all duties entitling him to the consideration earned, due and payable pursuant to the terms of this contract.

64.     Defendant STARDUST389, INC. failed to pay all wages due under the contract, as set forth in detail above herein.

65.     AIRLOCK389, INC., CHRISTOPHER H. COOPER and PATRICIA ANN BELLASALMA, acting as agents of Defendants STARDUST389, INC., knowingly, intentionally and wrongfully conspired and misrepresented to Plaintiff that he was being terminated "for cause," when, in fact, no lawful basis nor §4.B. enumerated contract cause for termination existed.

66.     Defendant STARDUST389, INC. breached its duty under the contract by failing and refusing to pay Plaintiff for all wages earned to date, and owed prospectively, as guaranteed by the terms of the contract, and failing to issue the stock due and transferrable pursuant to the contract.

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

16

**COMPLAINT**

67.     Defendants' breach of the contract caused Plaintiff to suffer, among other losses, deprivation of his unpaid wages now due and the promised stock, plus interest at the legal rate of 10% per annum from the dates of non-payment to the present, together with future income.

68.     Wherefore, the Representative Plaintiff prays for judgment as set forth below.

## FOURTH CAUSE OF ACTION
### Failure to Reimburse Business Expenses
### California Labor Code § 2802

69.     Plaintiff realleges and incorporates each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

70.     Pursuant to California Labor Code §2802, Defendants were and are required to indemnify Plaintiff for all expenses and losses incurred by Plaintiff during the performance of his job duties. The purpose of this statute is to prevent employers from passing their operating expenses on to their employees. *See Gattuso v. Harte-Hanks, Shoppers, Inc.* (2007) 42 Cal.4th.554, 562.

71.     In violation of Labor Code §2802, Defendant required Plaintiff to pay expenses for which he should have been reimbursed under the law including, but not limited to, costs incurred using his personal vehicle, computer and personal cell phone for business purposes as well as costs incurred for internet service used to perform work off-site, and the reasonable monthly cost of providing an appropriate remote office or home workstation, transportation and travel costs.

72.     Plaintiff seeks to recover these expenses from Defendants, plus interest thereon, reasonable attorneys' fees, and costs, in an amount to be proven at trial.

73.     Wherefore, the Representative Plaintiff prays for judgment as set forth below.

## FIFTH CAUSE OF ACTION
### Failure to Provide Accurate Itemized Wage Statement
### (Violation of California Labor Code § 226)

74.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

17

**COMPLAINT**

75.     Defendants failed to provide timely, accurate itemized wage statements to Plaintiff in accordance with Labor Code §226(a),[20] properly showing:

a.  gross wages earned;
b.  total number of hours worked;
c.  all deductions;
d.  net wages earned;
e.  the inclusive date of the period for which the employee is paid;
f.  the name of the employee and his or her social security number; and
g.  the name and address of the legal entity which is the employer.

76.     As such, pursuant to California Labor Code §226(e),[21] Plaintiff is entitled to recover penalties of four thousand dollars (**$4,000.00**), together with an award of costs and reasonable attorney's fees.

77.     Wherefore, the Representative Plaintiff prays for judgment as set forth below.

### SIXTH CAUSE OF ACTION
**CONSPIRACY TO VIOLATE LABOR CONDITIONS AND UNDERPAY WAGES**
**(Violation of California Labor Code §558)**

78.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

79.     Defendants, and all of them, conspired and acted in concert to deprive Plaintiff David C. Traub of his compensation, wages and the protections of the California Labor Code.

80.     California Labor Code §558 provides that:

(a) Any employer **or other person acting on behalf of an employer** who violates, or **causes to be violated**, a section of this chapter or any

---

[20] **Labor Code §226 (a)** "An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee,… **an accurate itemized statement** in writing showing (1) gross wages earned, (2) total hours worked by the employee…, (4) all deductions…, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number…, (8) the name and address of the legal entity that is the employer… and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate…"

[21] **Labor Code §226 (e)(1)** "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars (**$4,000**), and is entitled to an award of costs and **reasonable attorney's fees**."

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

18

**COMPLAINT**

provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee.

81.    Labor Code §204(a) requires employers to establish pay periods no less than twice a month.[22]

82.    During each of the 14 months Plaintiff was employed by Defendants, Defendants violated numerous sections of the Labor Code as set forth herein, entitling Plaintiff, pursuant to Labor Code §204, to penalties in the amount of **$2,650** from Defendants, and each of them, jointly and severally.

83.    Pursuant to Labor Code §558(a)(3), Plaintiff is entitled to all unpaid wages now due in the principal amount, plus interest at the legal rate of 10% per annum from the dates of non-payment to the present, from Defendants, and each of them, jointly and severally.

84.    As a direct and proximate result of Defendant's willful conduct in failing to pay Plaintiff for all hours worked, Plaintiff suffered damages, including nonpayment of wages for all hours worked in an amount to be established at trial, together with interest thereon, and attorneys' fees and costs.

85.    Defendants AIRLOCK389, INC., CHRISTOPHER H. COOPER and PATRICIA ANN BELLASALMA are jointly and severally liable with STARDUST389, INC. to Plaintiff for all damages, penalties, fees and cost arising from this Cause of Action pursuant to California Labor Code §558.1(a) providing that:

Any employer **or other person acting on behalf of an employer**, who violates, **or causes to be violated**, any provision regulating minimum wages

---

[22] Labor Code §204 (a) "All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month…."

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

19

**COMPLAINT**

1  or hours and days of work in any order of the Industrial Welfare Commission,
2  or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194
   or 2802, may be held liable as the employer for such violation.

3

4      86.     Defendants AIRLOCK389, INC., CHRISTOPHER H. COOPER and PATRICIA

5  ANN BELLASALMA did act on behalf of STARDUST389, INC. to cause the violations set forth

6  in this cause of action.

7      87.     Wherefore, Plaintiff prays for judgment as set forth below.

8                      **SEVENTH CAUSE OF ACTION**
          **Unfair Business Practices Under the Unfair Competition Law**
9           **California Business & Professions Code §§ 17200-17208**

10  88. Plaintiff incorporates in this cause of action each and every allegation of the preceding

11  paragraphs, with the same force and effect as though fully set forth herein.

12
13  89. California Business and Professions Code §17200, *et seq*. prohibits unfair competition in the

14  form of any unlawful, unfair, deceptive, or fraudulent business practices.

15  90. Defendants committed unlawful acts as defined by California Business and Professions

16  Code §17200, *et seq.* Defendants' unlawful and unfair business practices include, but are not

17  necessarily limited to, violations of the requirements of the FLSA and the California Labor Code

18  as set forth herein.

19
20  91. The knowing conduct of Defendants, as alleged herein, constitutes an unlawful and/or

21  fraudulent business practice, as set forth in California Business and Professions Code §§ 17200-

22  17208. Specifically, Defendants' conducted business activities while failing to comply with the

23  legal mandates herein.

24  92. Defendants' knowing failure to adopt policies in accordance with, and/or to adhere to these

25  laws, all of which are binding upon and burdensome on its competitors, engenders an unfair

26  competitive advantage for Defendants, thereby constituting an unfair business practice, as set forth

27  in California Business and Professions Code § 17208.

28

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

20

**COMPLAINT**

93. Business and Professions Code §17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.

94. As a direct and proximate result of the aforementioned acts, the Plaintiff was injured and suffered the loss of money in the amount of wages that he was otherwise entitled to receive. Plaintiff is entitled to restitution pursuant to Business and Professions Code §§17203 and 17208 for all unpaid wages and expense reimbursements owed to him as a result of Defendants' unlawful and unfair conduct as alleged herein.

95. Plaintiff's success in this action will enforce important rights affecting the public interest. Plaintiff is entitled to injunctive relief as well as all other appropriate equitable remedies. Injunctive relief is necessary and appropriate to prevent Defendant from repeating the wrongful business practices alleged herein.

96. Wherefore, Plaintiff prays for judgment as set forth below.

## **RELIEF SOUGHT**

WHEREFORE, the Plaintiff, on behalf of himself, prays for judgment and the following specific relief against the Defendants, as follows:

1. Damages and restitution according to proof at trial for all unpaid wages, stock, and other injuries, as provided by the FLSA, California Labor Code, and all other laws of the state of California;

2. For a declaratory judgment that Defendants violated Business and Professions Code § 17200, et seq., as a result of the aforementioned violations of the Labor Code and of California public policy protecting wages;

3. For a declaratory judgment that Defendants violated the Fair Labor Standards Act as alleged herein;

4. For an equitable accounting to restore to Plaintiff the wages he is due, with interest thereon.

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

21

**COMPLAINT**

5. For an order awarding Plaintiff liquidated and compensatory damages, including lost wages, earnings, and other employee benefits, restitution, and all other sums of money owed to Plaintiff, together with interest on these amounts, according to proof;

6. For an order awarding Plaintiff civil penalties, pursuant to the FLSA with interest thereon;

7. For an order awarding Plaintiff civil penalties, pursuant to the California Labor Code provisions cited herein, with interest thereon;

8. For an award of reasonable attorneys' fees as provided by the FLSA, California Labor Code, California Code of Civil Procedure § 1021.5, the laws and regulations of the United States and of the State of California, and/or other applicable statutes, regulatory and decisional law;

9. For an award of liquidated damages pursuant to the FLSA;

10. For all costs of suit;

11. For interest on any damages and/or penalties awarded, as provided by applicable law[23];

12. For all other Orders, findings and determinations identified and sought in this Complaint;

13. For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all claims and issues for which Plaintiff is entitled to a jury.

Respectfully submitted,

DATED:  December 16, 2021                    By: _____
                                             TIMOTHY P. RUMBERGER, Esq.
                                             Counsel for Plaintiff David C. Traub

---

[23] California Civil Code §3287: Interest As Damages. (b) "If a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest **at a rate of 10 percent per annum** after a breach."

*Law Offices of*
**TIMOTHY P. RUMBERGER**
**1339 Bay Street**
**Alameda, California 94501**
**(510) 841-5500**

22

**COMPLAINT**